UNITD STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT,<br>    Plaintiff,<br><br>v.<br><br>JAMES S. DICKEY and<br>EAST FOURTH STREET, LLC<br>    Defendant. | CIVIL ACTION NO. |

## DEFENDANTS' NOTICE OF REMOVAL
## TO THE UNITED STATE DISTRICT COURT

Pursuant to the provisions of 26 U.S.C. § 1446 and § 1441, defendants James S. Dickey and East Fourth Street, LLC ("Defendants") hereby give notice of their removal of this action to the United States District Court for the District of Massachusetts from the Housing Court of Massachusetts, County of Suffolk. Removal is based on the following grounds:

1. The plaintiff City of Boston Inspectional Service Department ("Plaintiff") commenced this action in the Housing Court of Massachusetts, County of Suffolk, by filing the *Verified Petition for the Appointment of a Receiver to Enforce the State Sanitary Code* ("Verified Petition") on or about May 4, 2012. (See the Verified Petition, a true and accurate copy of which is attached hereto as "Attachment 1.") The Verified Petition complained that two code violations that claimed to have been served on the Defendants in December of 2011 concerning soffits that needed repair on the outside of the building and Defendants failure to provide lighting and access to the Subject Properties to his neighbor for use as an egress. (See Attachment 1 at pp. 3-4 ¶¶ 12-13.) Attached to the Verified Petition were copies of the returns of service on the code violations which evidenced that the Defendants had not been served in hand or by leaving at last and usual, but rather that the code violations had been served by leaving them with a third party at Defendants' residence. (See Attachment 1 at Exhibits 8-9.)

Also attached to the Verified Petition is a photograph purporting to show the current condition of the Subject Properties. (See Attachment 1 at p. 3 ¶ 9 and Exhibit 5.) In the Verified Petition, Plaintiff asked the Housing Court to schedule a hearing on May 18, 2012 "as to why the Court should not appoint a receiver to correct the serious and longstanding code violations at the subject properties." (Attachment 1 at p. 4.)

2. On May 9, 2012, the Housing Court entered an *Order of Notice* scheduling the requested hearing for May 23, 2012 and instructing the Plaintiff to serve the same on the Defendants "in hand or left at his/her last and usual place of abode." (See the May 9, 2012 Order of Notice, a true and accurate copy of which is attached hereto as "Attachment 2.")

3. Service of the Order of Notice and the Verified Petition was deficient. As with the code violations, the Defendants were neither served in hand on him nor left at Mr. Dickey's last and usual place of residence. Rather, upon information and belief, the Verified Petition and Order of Notice were left with Roseanne Dickey, the sister of one of the Defendants, and a person who is not authorized to accept service on behalf of either Defendant. (See Attachment 2 at p. 2.)

4. The Housing Court entered an order on May 23, 2012 appointing a receiver despite Defendants not appearing at the hearing and having had actual no notice of the same. (See the Suffolk Housing Court's May 23, 2012 Order, a true and accurate copy of which is attached hereto as "Attachment 3.") The May 23, 2012 Order further scheduled a status conference on the matter for June 22, 2012. (See Attachment 3.)

5. The Defendants, having filed a bankruptcy petition, only learned of the Verified Petition and that a Receiver had been appointed on May 29, 2012 when the attorney for a creditor – Attorney Rosemary Traini – emailed the Verified Petition and May 23, 2012 Order to the Bankruptcy Trustee Richard King who forwarded them to the Defendants' bankruptcy counsel Attorney Herbert Weinberg. (See email strand from Attorney Rosemary Traini to

Bankruptcy Trustee Richard King to Attorney Herbert Weinberg, a true and accurate copy of which is attached hereto as "Attachment 4.")

6. The Defendants immediately took action to engage counsel to represent them in response to the Verified Petition and filed ***Defendants' Emergency Verified Motion to Dismiss Or, in the Alternative, to Stay the Receivership*** ("Defendants' Emergency Motion") on May 31, 2012. (See Defendants' Emergency Motion, a true and accurate copy of which is attached hereto as "Attachment 5.") Notably, Defendants' Emergency Motion (1) argued insufficient service of process, (2) alleged facts supporting a finding that the code violations were in error where soffits had already been removed and Defendants were under no obligation to permit their neighbors to have unfettered access to the subject properties, (3) attached a photograph showing that work had been performed at the subject properties and that the soffits had been removed, and (4) cited Massachusetts caselaw establishing that Defendants should have the opportunity to show that they are capable of rehabilitating the subject properties prior to a receiver being appointed. (See Attachment 5.)

7. On May 31, 2012, Defendants' Emergency Motion was faxed to opposing counsel and hand delivered to the Housing Court with the request to have it be heard either on May 31, 2012 or the following week. The Housing Court refused to hear Defendants' Emergency Motion on an emergency basis and, indeed, refused to mark Defendants' Emergency Motion up for a hearing within ten (10) days. Rather, the Housing Court advised that it would not hear Defendants' Emergency Motion until June 22, 2012 at the status conference at which time Defendants' Emergency Motion would likely be moot where the receiver would have likely completed all necessary work at the subject properties as he has indicated that he intends to start work on the Subject Properties on Monday, June 4, 2012. (See Suffolk Housing Court's Notice of Motion Hearing dated May 31, 2012, a true and accurate copy of which is attached hereto as "Attachment 6.")

8. This Court has original jurisdiction based on the existence of a federal question pursuant to 28 U.S.C. § 1331 as to whether Defendants have been afforded due process in, among other things, whether the service of process required was sufficient to afford Defendants their due process rights and Mass. Gen. L. ch. 127I, in practice, violates Defendants' due process rights.

9. Defendants, therefore, are entitled to remove this action to this Honorable Court pursuant to 28 U.S.C. § 1331.

10. Within thirty (30) day of filing of this Notice of Removal, Defendants shall file certified or attested copies of all records and proceedings the Suffolk Housing Court action and a certified or attested copy of all docket entries in the Suffolk Housing Court pursuant to Local Rules 81.8 of this Honorable Court.

**WHEREFORE**, defendants James S. Dickey and East Fourth Street, LLC respectfully request that the above-referenced action now pending in the Housing Court of the Commonwealth of Massachusetts, Suffolk County, be removed from that Court to the United States District Court for the District of Massachusetts.

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the Receiver and counsel for Plaintiff by first class mail and facsimile on June 1, 2012.

*/s/ signature/*

Dated: June 1, 2012

Respectfully submitted,
Defendants JAMES S. DICKEY and
EAST FOURTH STREET, LLC,
By their attorneys,

*/s/ signature/*
Harold Jacobi, III (BBO #248980)
Nancy Sue Keller (BBO #644515)
JACOBI & CHAMBERLAIN LLP
Four Militia Drive, Suite 14
Lexington, Massachusetts 02421
Tel: 781.274.0405
Email: NKeller@JacobiChamberlain.com