## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

HOUSING COURT DEPARTMENT
CITY OF BOSTON DIVISION
CASE NO: 12-CV-000____

| | |
|---|---|
| CITY OF BOSTON, INSPECTIONAL SERVICES DEPARTMENT, Plaintiff, | ) ) ) |
| v. | ) ) ) |
| JAMES S. DICKEY and EAST FOURTH STREET, LLC | ) ) ) |
| Defendants | ) ) ) |

## VERIFIED PETITION FOR THE APPOINTMENT OF A RECEIVER TO ENFORCE THE STATE SANITARY CODE

Plaintiff, Inspectional Services Department, hereby submits this Verified Petition for the Appointment of a Receiver to enforce the State Sanitary and Building Codes pursuant to M.G.L. c. 111, § 127I. The Plaintiff asserts that the property owned and/or controlled by the Defendants has a longstanding history of Sanitary and Building Code Violations, which pose a serious risk to the health, safety and wellbeing of any occupants, abutters and residents of the community.

### Jurisdiction

1.    The Jurisdiction of this Court is founded upon the general equitable powers of G.L. c. 111, §. 127I, G.L. c. 143 § 6 and G.L. c. 185C, § 3.

### Parties

2.    Plaintiff, Inspectional Services Department, is an agency of the City of Boston, a duly organized and existing municipal corporation under the laws of the Commonwealth of Massachusetts, charged with the enforcement of the State Sanitary and Building Codes pursuant to M.G.L. c. 111, § 127, *et seq.* and M.G.L. c. 143 § 3 *et seq.*

3.     Defendant, James S. Dickey, is the sole manager and member of Defendant, East Fourth Street, LLC.  Together, Defendants, James S. Dickey and East Fourth Street, LLC, (hereinafter "Defendants") own and control the properties at issue in this matter, which are two, attached three family dwellings located at 495-497 East Fourth Street in South Boston, Massachusetts ( the "subject properties").  On or about March 16, 2009, Defendant Dickey transferred title to the subject properties from himself to the Defendant, East Fourth Street, LLC, for consideration of "less than One Hundred Dollars." True and accurate copies of the Quitclaim Deeds, duly recorded in the Suffolk County Registry of Deeds at Book 44690, Pages 276 and 279 are attached as Exhibit "1").

### Factual Allegations

4.     The subject properties have a long history of Sanitary and Building Code violations, and was condemned and vacated by the Plaintiff on or about June 3, 2008.  A true and accurate copy of the Condemnation Order and Notice of Decision is attached hereto as Exhibit "2".

5.     On or about June 20, 2008, the Defendant sought judicial review of the condemnation in Suffolk Superior Court (Case Nos. SUCV2008-02763-A and SUCV2008-02764-B).  On or about September 15, 2008, the Defendant also filed a federal action in the United States District Court of Massachusetts (Case No. 08-CV-11569), seeking among other things, constitutional review of the initial search leading to condemnation of the subject property.

6.     The federal action and the two Superior Court cases were ultimately dismissed.  During the federal litigation, however, the parties entered into a Stipulation on or about November 25, 2008, which provided that the Defendant, James S. Dickey, would have access and control of the subject properties for the purpose removing all trash and debris and restoring the dwellings to compliance with the Sanitary Code.  A copy of the Stipulation is attached hereto as Exhibit "3."

7.      Beginning in December of 2008 and up to the present, Plaintiff has attempted periodic inspections to determine compliance with the Stipulation and has gained access to inspect the interior of the dwellings through Administrative Search Warrants obtained in July of 2010 and January of 2011. See ISD vs. James S. Dickey and East Fourth Street, LLC, Case No. 10-SW-00001. Throughout this time period, Defendant, James S. Dickey, has had unlimited access and control of the subject properties, which have remained vacant and secured from trespass.

8.      During the January, 2011 inspection, Plaintiffs observed that some trash and debris had been cleared from the interior and exterior of the subject properties, but the dwellings remain unfit for human habitation due to the unsanitary conditions and evidence of active water leaks in the building. See Affidavit of John Connors, attached as Exhibit "4."

9.      On or about September 29, 2010, Defendant, James S. Dickey, secured Building Permit No. SF45004 and installed scaffolding in the front of the property at 497 East Fourth Street. Defendant Dickey commenced minor repairs to the exterior of the building, but has failed to complete the permitted work or secure a final inspection.  A true and accurate photo of the exterior of 497 East Fourth Street is attached as Exhibit "5."

10.     On or about April 22, 2011, the City of Boston Tax Title Division received Notices of Mortgage Foreclosure Sales, pursuant to G.L. c. 244 s. 14, stating that a foreclosure sale by auction had been scheduled for May 20, 2011 at 10:30 AM.  True and Accurate copies of said notices are attached as Exhibit "6."

11.     Upon information and belief, the foreclosure sale by auction did not proceed and Defendant, East Fourth Street, LCC, retains title to the subject properties.  See Exhibit "1."

12.     On or about December 8, 2012, Plaintiffs served Defendants with Emergency Building Code Violation No. V113666 for the Defendant's "failure to maintain emergency escape for 493

3

East Fourth Street," which is a 3 unit condominium dwelling that shares a party wall with 495 East Fourth Street and is connected by a fire escape balcony to 495 East Fourth Street for emergency escape. A true and accurate copy of Violation No. V113666 along with photographs of said fire escape balcony is attached as Exhibit "8."

13.     On or about December 8, 2012, Plaintiffs served Defendants with Violation No. V113667 for the unsafe condition of the front soffit and because the rear soffit is rotted and open to the elements at 495 East Fourth Street. A true and accurate copy of Violation No. V113667 is attached as Exhibit "9."

14.     To date, Defendant has failed to correct Violation Nos. V113666 and V11367. See Affidavit of Building Inspector William Solberg attached hereto as Exhibit "10."

15.     The conditions at the property pose a serious risk to the safety of any occupants, and the Defendants have taken no action with respect to this matter. See Id.

16.     Based on the Defendants' continued inaction with respect to the Emergency Violations, the Plaintiff contends that there is no reasonable prospect that the violation will be corrected without the appointment of a Receiver, pursuant to M.G.L. c. 111, § 127I.

### Relief Requested

WHEREFORE, the Plaintiff respectfully requests relief as follows:

1.     That the Defendants be ordered to appear at 11:00AM on May /8, 2012 and show cause as to why the Court should not appoint a receiver to correct the serious and longstanding code violations at the subject properties.

2.     That the Court appoint a Receiver for the Property pursuant to M.G.L. c. 111, § 127I and empower said Receiver to take all action necessary to restore the Property to compliance with the law.

3.       For Plaintiff's costs of suit incurred herein.

4.       For any further and other relief the Court deems just and proper.


Dated: May 4, 2012                          For the Plaintiff,

                                            Edward Coburn, Esq. (BBO # 655916)
                                            Assistant Corporation Counsel
                                            Boston Inspectional Services Department
                                            1010 Massachusetts Avenue
                                            Boston, MA  02118
                                            617-961-3465 (Direct)
                                            617-635-5385 (Fax)

## Exhibit 1

2009 00024921
Bk: 44690 Pg: 276    Doc: DED
Page: 1 of 3    03/19/2009 04:00 PM

## QUITCLAIM DEED

I, James S. Dickey, of Sudbury, Massachusetts for consideration paid and in full consideration of Less than ONE HUNDRED ($100.00) DOLLARS, grant to East Fourth Street LLC, a duly organized Massachusetts limited liability company with a usual business address of 10 Newbridge Road, Sudbury, MA 01776

With QUITCLAIM COVENANTS

The land with the buildings and improvements thereon located at 495 East Fourth Street, South Boston, Suffolk County, Massachusetts as more particularly described in Exhibit A attached hereto.

For title of grantor, see deed recorded 14543, Page 91.

WITNESS my hand and seal this 16th day of March, 2009.

James S. Dickey

Van Dam & Traini, LLP.
60 William St.
Suite #300
Wellesley, MA 02481

COMMONWEALTH OF MASSACHUSETTS

Newton , ss.

On this 10 day of March, 2009, before me, the undersigned notary public, personally appeared James S. Dickey and provided to me through satisfactory evidence of documentation, which was _passport_____, to be the person whose name is signed on the preceding document in my presence and who acknowledged the execution of the foregoing document to be the voluntary act for the purpose stated therein.

Sarah K Sweeney

                                                                    Notary Public

My Commission Expires:



EXHIBIT A

A parcel of land with the buildings thereon situated in that part f Boston called South Boston, being now numbered 495 East Fourth Street and being bounded and described as follows:

Beginning at a point on the Southerly side of said East Fourth Street, distant twenty-one and 37/100 (21.37) feet Easterly from Pacific Street, thence running:

| | |
|---|---|
| EASTERLY | by said East Fourth Street twenty-one and 9/100 (21.09) feet to land now or formerly of Augustus King; thence turning and running |
| SOUTHERLY | by land now or formerly of said Augustus King, sixty-four and 19/100 (64.19) feet to a passageway four (4) feet wide; thence turning and running |
| WESTERLY | by said passageway, twenty-one and 51/100 (21.51) feet to other land now or formerly of said Augustus King; thence turning and running |
| NORTHERLY | by said other land now or formerly of said Augustus King, sixty-three and 87/100 (63.87) feet to said East Fourth Street at the point of beginning. |

Together with the right to use said passageway throughout its entire length and width for the purpose of a way and drainage in common with others having like rights therein.

Said premises are conveyed subject to easements and restrictions of record insofar as the same are now in force and applicable.

Bk, 44690 Pg. 279

Bk: 44690 Pg: 279   Doc: DED
Page: 1 of 3   03/19/2009 04:00 PM

Attested hereto
Francis M. Roache
Register of Deeds

## QUITCLAIM DEED

I, James S. Dickey, of Sudbury, Massachusetts for consideration paid and in full consideration of Less than ONE HUNDRED ($100.00) DOLLARS, grant to East Fourth Street LLC, a duly organized Massachusetts limited liability company with a usual business address of 10 Newbridge Road, Sudbury, MA 01776

With QUITCLAIM COVENANTS

The land with the buildings and improvements thereon located at 497 East Fourth Street, South Boston, Suffolk County, Massachusetts as more particularly described in Exhibit A attached hereto.

For title of grantor, see deed recorded 15226, Page 129.

WITNESS my hand and seal this      day of March, 2009.

James S. Dickey

Van Dam & Traini, LLP.
60 William St.
Suite #300
Wellesley, MA 02481

BK: 44690 Pg: 280

COMMONWEALTH OF MASSACHUSETTS

NorFolk, ss.

On this 16 day of March, 2009, before me, the undersigned notary public, personally appeared James S. Dickey and provided to me through satisfactory evidence of documentation, which was ___Passport___, to be the person whose name is signed on the preceding document in my presence and who acknowledged the execution of the foregoing document to be the voluntary act for the purpose stated therein.

_Sarah K. Sweeney_

Notary Public

My Commission Expires:



SARAH K. SWEENEY
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
December 4, 2009

BK: 44690 Pg: 281

EXHIBIT A

A certain parcel of land with the buildings, structures and improvements thereon, situated in that part of Boston called South Boston, now known and numbered as 497 East Fourth Stroet and bounded end described as follows:

Beginning at a point on the Southerly side of East Fourth Street, distant forty-two and 46/100 (42.46) feet Easterly from Pacific Street, thence running

| | |
|---|---|
| EASTERLY | by said East Fourth Street, twenty-one and 54/100 (21.54) feet; thence running |
| SOUTHERLY | by Land formerly of James, fifty-four and 60/100 (54.60) feet; thence running |
| WESTERLY | by a four (4) foot passagaway, twenty and 99/100 (20.99) feet; thence running |
| NORTNERLY | by land of Head, sixty-four and 19/100 (64.19) feet to the point of beginning |

Together with the right to use said passageway in comnon with others interest.

## Exhibit 2

**OWNER'S NAME:**                              **SUBJECT PROPERTY:**
James Dickey
495-497 East Fourth Street                     495-497 East Fourth Street
South Boston, MA 02127                         South Boston, MA 02127

RE:   CONDEMNATION HEARING ON 06/03/2008
NOTICE OF DECISION

On May 27, 2008 the Boston Inspectional Services Department, Division of Housing Inspections conducted an inspection of the above referenced subject property.   The Division of Housing Inspections issued a notice of condemnation for that property, which is located at **495-497 East Fourth Street South Boston, MA (Ward 07)** pursuant to 105 CMR 410.831 of the State Sanitary Code.   The inspectors' reports documenting the violations found at the property were incorporated herein and made part of this decision by reference.   An administrative hearing was scheduled for June 3, 2008 at 10:00 AM.

**HEARING:**
The administrative hearing commenced at or about 10:00 AM on June 3, 2008 at 1010 Massachusetts Avenue in the Division of Housing Inspections conference room.  Testimony in support of the condemnation of **495-497 East Fourth Street, entire dwelling** was presented by Housing Inspector Joshua Handley, Division of Housing Inspections.     The violation notices regarding the emergency conditions observed during the inspection were entered into evidence and are incorporated herein by reference.  The property owner, James Dickey, was not present to give testimony in opposition to the condemnation as well as information on possible remediation. Documents and testimony were received and entered into evidence.

**DETERMINATION:**
After consideration of the testimony and evidence presented at the hearing, the Hearing Officer has determined that there is sufficient cause to uphold the condemnation at 495-497 East Fourth Ward 7 finding that the dwelling is **unfit for human habitation and presents a danger to the general public.**

This condemnation could be lifted if the property owner fulfills the following conditions:

1. Entire dwelling must be completely cleaned and sanitized of all debris, trash and refuse. Egress obstructions must also be removed. This is needed to bring this property into compliance with the applicable codes and must be done within 30 days.
2. Requests an inspection from the Boston Inspectional Services Division of Housing Inspections, to demonstrate that the repairs have been made.
3. The owner must register the building with the Commissioner of the Inspectional Services Department under the **City of Boston Ordinance of 2008, Regulating The Maintenance Of Abandoned, Foreclosing Residential Properties.**
4. The owner is responsible for all cost incurred by the City of Boston and all fines assessed regarding this property.

Condemnation under 105 CMR 410 may only be lifted by the Boston Inspectional Services' Division of Housing Inspections in a written decision.

If any of the above conditions of this decision are not met the city of Boston may pursue further remedies available under applicable law.

**If the dwelling can not be brought into compliance with the State Sanitary Code, the property owner must demonstrate to the Housing Inspection Division that the dwelling has been dismantled and all the utilities and plumbing fixtures have been properly capped and removed.**

Respectfully,


Paula Titus.
Hearing Officer


Cc:     file
        Commissioner Good
        Brigid White, Keeper of Records
        Carol McDermott, Legal Division
        Ed Coburn, Legal Division
        Dion Irish, Asst. Commissioner Housing Division
        Indira Alvarez, Asst. Director Housing Division
        Steven O'Donnell, Asst. Director Housing Division
        Regina Hanson, R.S., Asst. Director Housing Division
        Joshua Handley, Housing Inspector


**Right to Appeal:**
105 CMR 410.860: Appeal of Final Decisions
Any person aggrieved by the final decision of the board of health with respect to any order issued under the provisions of 105 CMR 410.000 may seek relief from any court of competent jurisdiction, as provided by the laws of this Commonwealth.




# EMERGENCY
## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                    REFERENCE NO. 34466

*To the Sheriffs of our Counties, or their Deputies, or any*
*Constable of any City or any Town within our said Commonwealth:*

.......... May 27, 2008 .......... GREETING.

We command you to serve the below-described person or legal entity:

James Dickey

497 East Fourth St

South Boston, MA 02127



CITY OF BOSTON
THOMAS M. MENINO
MAYOR

Owner-occupant, tenant, or agent of the property located in the City of Boston at:

WD 7   495-497 East Fourth St. (Entire Dwelling 6 Family)

The Commissioner of the Inspectional Services Department of the City of Boston has adjudged certain property which you own, manage, occupy or are in control of is in violation of 105 CMR 410.000 State Sanitary Code, Chapter II Minimum Standards of Fitness for Human Habitation. Authorized under Chapter 111, section 127 A of the Massachusetts General Laws or is in violation of other Massachusetts General Laws or is in violation of certain ordinances of the City of Boston wit:

Violation 105 CMR 410:

(1) 750 I: Dwelling - Completely littered w/ trash, debris, cat feces, Stray cats. Entire dwelling must be completely cleaned and all debris, etc. trash, refuse must be removed/sanitized.

(2) 750 C: Dwelling - Electricity - Shut off to entire dwelling (Utility Co.) Due to non-payment.

(3) 750 G: Egress - Obstructed due to debris By virtue of the authority granted under trash etc.

(4) 750 K: Walls, Ceilings & Electrical wiring Chap. 1 Sec. 400:200B, of the Sanitary Code. exposed - Entire wall/ceilings I hereby notify you that an emergency Sections Missing condition exists and that above violations must be corrected to meet this emergency.

It is hereby stated that violations may endanger or materially impair the health or safety, and well being of any tenant therein, or persons occupying said property.

HEREOF FAIL NOT, under penalty of law to comply with said Sanitary Code, within 24 Hours.
(Signed under the pains and penalties of perjury.)

_____
HOUSING INSPECTOR
Inspector No. 05-2208  Ph. # 961-3304

_____
Dion Irish, Assistant Commissioner, for the
Commissioner of Boston Inspectional Services

HID 28E Revised 11.04   (SEE REVERSE SIDE FOR FURTHER NOTICE)




# EMERGENCY
## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                    REFERENCE NO. 34446

*To the Sheriffs of our Counties, or their Deputies, or any*
*Constable of any City or any Town within our said Commonwealth:*

.......... May 29, 2008 .......... GREETING.

We command you to serve the below-described person or legal entity:

James Dickey
497 East Fourth St
South Boston, MA 02127

**CITY OF BOSTON**
**THOMAS M. MENINO**
**MAYOR**

Owner-occupant, tenant, or agent of the property located in the City of Boston at:

WD KN. 7    495-497 East Fourth St. (Entire Dwelling, 6 Family)

The Commissioner of the Inspectional Services Department of the City of Boston has adjudged certain property which you own, manage, occupy or are in control of is in violation of 105 CMR 410.000 State Sanitary Code, Chapter II Minimum Standards of Fitness for Human Habitation. Authorized under Chapter 111, section 127 A of the Massachusetts General Laws or is in violation of other Massachusetts General Laws or is in violation of certain ordinances of the City of Boston wit:

Violation 105 CMR 410:

(5) 831: Due to above listed condition, dwelling is unfit for human habitation. Dwelling currently vacant and will remain until all violations are corrected and final reinspection by ISD is currently -

(6) 83(c): Notice of Hearing - Hearing will take place Tuesday June 3, 2008 @ 10:00 AM @ 1010 Mass Ave 5th Flr. Housing D.V. Inspectional Services Dept.

By virtue of the authority granted under Chap. 1 Sec. 400:200B, of the Sanitary Code, I hereby notify you that an emergency condition exists and that above violations must be corrected to meet this emergency.

It is hereby stated that violations may endanger or materially impair the health or safety, and well being of any tenant therein, or persons occupying said property.

HEREOF FAIL NOT, under penalty of law to comply with said Sanitary Code, within 24 Hours. (Signed under the pains and penalties of perjury.)

HOUSING INSPECTOR

Inspector No. 05208   Ph. # 961-3304

Dion Irish, Assistant Commissioner, for the Commissioner of Boston Inspectional Services

HID 28E Revised 11.04    (SEE REVERSE SIDE FOR FURTHER NOTICE)

**Exhibit 3**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-CA-11569-PBS

JAMES DICKEY,
_Plaintiff_,

v.

INSPECTIONAL SERVICE
DEPARTMENT OF THE
CITY OF BOSTON[1],
_Defendant_.

## STIPULATION OF PARTIES

Now come the parties, James Dickey ("Plaintiff") and the City of Boston ("Defendant") in the above referenced case and stipulate to the following conditions:

1. Plaintiff agrees to the following repair schedule for the property located at 495-497 East Fourth Street, South Boston, Massachusetts ("495-497 East Fourth Street"):

   a. The plaintiff must immediately remove all egress obstructions.

   b. The entire dwelling must be completely cleaned and sanitized and all debris, trash and refuse must be removed by December 14, 2008.

   c. Defendant will inspect the property on December 8, 2008 at 10:00 AM to determine the plaintiff's progress and again on December 15, 2008 at 8:00 AM to confirm that the property has been cleaned and sanitized and that all trash, debris and refuse has been removed. The plaintiff agrees that this paragraph satisfies the notice of entry requirements set forth in Judge Lauriat's order, dated July 2, 2008 in Case Nos. SUCV2008-02763-A and SUCV2008-02764-B.

---

[1] The Boston Inspectional Services Department is a department within the City of Boston. The Department is not an entity subject to lawsuits. See, e.g., Henschel v. Worcester Police Department, 445 F.2d 624, 624 (1st Cir. 1971); Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989).

2.  ISD will transfer responsibility and control of the property to Plaintiff pursuant to this agreement, upon the plaintiff's obtaining the building permit required for the repair and disposal work described in paragraph 1 of this agreement.

3.  Plaintiff will continue to maintain the property free from debris and trash and to secure the property from entry and exposure to the elements at all times during the repair schedule and until a Certificate of Occupancy is obtained. In addition, the plaintiff will immediately winterize the property.

4.  Plaintiff and or a licensed contractor will obtain all necessary permits for all repairs performed at the property and all work performed in connection with said repairs shall conform to the State Building and Sanitary Code.

5.  The City of Boston will not lift the June 3, 2008 Condemnation Order[2] regarding the subject premises until the plaintiff has fully satisfied the terms and conditions set forth in the June 3, 2008 Condemnation Hearing Notice of Decision. A copy of the Notice of Decision, which is incorporated herein by reference, is attached as Exhibit 1.

Respectfully submitted,                          Respectfully submitted,


James Dickey                                     Dion Irish, Assistant Commissioner and
                                                 Director of Housing Inspections Division,
                                                 City of Boston Inspectional Services
                                                 Department

---

[2] The plaintiff has sought judicial review of the Defendant's June 3, 2008 Condemnation Order in Case Nos. SUCV2008-02763-A and SUCV2008-02764-B, which are currently pending in Suffolk Superior Court.

2

EXHIBIT 1



THOMAS M. MENINO
Mayor

# BOSTON INSPECTIONAL SERVICES DEPARTMENT

OWNER'S NAME:
James Dickey
495-497 East Fourth Street
South Boston, MA 02127

SUBJECT PROPERTY:

495-497 East Fourth Street
South Boston, MA 02127

RE:   CONDEMNATION HEARING ON 06/03/2008
NOTICE OF DECISION

On May 27, 2008 the Boston Inspectional Services Department, Division of Housing Inspections conducted an inspection of the above referenced subject property.  The Division of Housing Inspections issued a notice of condemnation for that property, which is located at 495-497 East Fourth Street South Boston, MA (Ward 07) pursuant to 105 CMR 410.831 of the State Sanitary Code.  The inspectors' reports documenting the violations found at the property were incorporated herein and made part of this decision by reference.  An administrative hearing was scheduled for June 3, 2008 at 10:00 AM.

HEARING:
The administrative hearing commenced at or about 10:00 AM on June 3, 2008 at 1010 Massachusetts Avenue in the Division of Housing Inspections conference room. Testimony in support of the condemnation of 495-497 East Fourth Street, entire dwelling was presented by Housing Inspector Joshua Handley, Division of Housing Inspections.   The violation notices regarding the emergency conditions observed during the inspection were entered into evidence and are incorporated herein by reference. The property owner, James Dickey, was not present to give testimony in opposition to the condemnation as well as information on possible remediation. Documents and testimony were received and entered into evidence.

DETERMINATION:
After consideration of the testimony and evidence presented at the hearing, the Hearing Officer has determined that there is sufficient cause to uphold the condemnation at 495-497 East Fourth Ward 7 finding that the dwelling is unfit for human habitation and presents a danger to the general public.

This condemnation could be lifted if the property owner fulfills the following conditions:

1010 MASSACHUSETTS AVENUE, BOSTON, MA 02118 · 617-635-5300

 PRINTED ON RECYCLED PAPER

1. Entire dwelling must be completely cleaned and sanitized of all debris, trash and refuse. Egress obstructions must also be removed. This is needed to bring this property into compliance with the applicable codes and must be done within 30 days.
2. Requests an inspection from the Boston Inspectional Services Division of Housing Inspections, to demonstrate that the repairs have been made.
3. The owner must register the building with the Commissioner of the Inspectional Services Department under the City of Boston Ordinance of 2008, Regulating The Maintenance Of Abandoned, Foreclosing Residential Properties.
4. The owner is responsible for all cost incurred by the City of Boston and all fines assessed regarding this property.

Condemnation under 105 CMR 410 may only be lifted by the Boston Inspectional Services' Division of Housing Inspections in a written decision.

If any of the above conditions of this decision are not met the city of Boston may pursue further remedies available under applicable law.

If the dwelling can not be brought into compliance with the State Sanitary Code, the property owner must demonstrate to the Housing Inspection Division that the dwelling has been dismantled and all the utilities and plumbing fixtures have been properly capped and removed.

Respectfully,

Paula Titus

Paula Titus.
Hearing Officer

Cc.     file
        Commissioner Good
        Brigid White, Keeper of Records
        Carol McDermott, Legal Division
        Ed Coburn, Legal Division
        Dion Irish, Asst. Commissioner Housing Division
        Jindira Alvarez, Asst. Director Housing Division
        Steven O'Donnell, Asst. Director Housing Division
        Regina Hanson, R.S., Asst. Director Housing Division
        Joshua Handley, Housing Inspector

Right to Appeal:
105 CMR 410.860. Appeal of Final Decisions
Any person aggrieved by the final decision of the board of health with respect to any order issued under the provisions of 105 CMR 410.000 may seek relief from any court of competent jurisdiction, as provided by the laws of this Commonwealth.

**Exhibit 4**

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

HOUSING COURT DEPARTMENT
CITY OF BOSTON DIVISION
CASE NO: 12-CV-000____

CITY OF BOSTON, INSPECTIONAL )
SERVICES DEPARTMENT, )
    Plaintiff, )
     )
     )
    v. )
     )
JAMES S. DICKEY and EAST )
FOURTH STREET, LLC )
     )
    Defendants )
     )

### Affidavit of John Connors

I, John Connors, do depose and state:

1.    I am the Court Coordinator/Housing Inspector with the Housing Inspections Division of the City of Boston Inspectional Services Department and have been employed by this department since 1967.

2.    In my capacity as Housing Inspector, I have personally inspected the properties located at 495-497 East Fourth Street. Further, I have read and reviewed the Verified Petition filed herein and have examined the exhibits attached thereto and can attest that the facts set forth in said Verified Petition are true and accurate and that the Exhibits attached thereto are true and correct copies of the originals.

Signed under the pains and penalties of perjury this _____4_____ day of May, 2012.

_John Connors_____
John Connors
Housing Division
Boston Inspectional Services Department

**Exhibit 5**



Exhibit 6

*No CoB Law Case*
*070014000*

RECEIVED

## LAW OFFICES OF ROSEMARY TRAINI LLC

2011 APR 22 PM 2:51
CITY OF BOSTON

*Rosemary Traini, Esq.*
*rtraini@rtrainilaw.com*

April 20, 2011                                              CERTIFIED MAIL

City of Boston
Tax Title Division
One City Hall Square
Boston, MA 02201

RE:     495 East Fourth Street, South Boston, MA
        Mortgage in favor of Capital Trust, LLC

### NOTICE OF MORTGAGE FORECLOSURE SALE

Dear Sir or Madam:

       In accordance with the provisions of G.L. c.244 §14, please be advised that
the foreclosure sale for the above referenced property has been adjourned to May
20, 2011 at 10:30 a.m. at the property.

       You are being provided this notice because an examination of the record
title shows that you held an interest in the property thirty (30) days prior to the
sale date.

Very truly yours,

BY; _____
       Rosemary Traini, its Attorney

---

*858 Washington Street, Suite 201, Dedham, MA 02026*
*Telephone 781.461.8300/Facsimile 781.461.8330*

*No CoR Law Case*
*0701015000*

RECEIVED

## LAW OFFICES OF ROSEMARY TRAINI LLC
2011 APR 22 PM 2: 40

CITY OF BOSTON
TAX DEPARTMENT

*Rosemary Traini, Esq.*
*rtraini@rtrainilaw.com*

April 20, 2011                                    CERTIFIED MAIL

Tax Title Division
City of Boston
One City Hall Square
Boston, MA 02201

RE:    497 East Fourth Street, South Boston, MA
       Mortgage in favor of Capital Trust, LLC

### NOTICE OF MORTGAGE FORECLOSURE SALE

Dear Sir or Madam:

In accordance with the provisions of G.L. c.244 §14, please be advised that the foreclosure sale for the above referenced property has been adjourned to May 20, 2011 at 11:00 a.m. at the property.

You are being provided this notice because an examination of the record title shows that you held an interest in the property thirty (30) days prior to the sale date.

Very truly yours,

BY: _____
Rosemary Traini, its Attorney

858 Washington Street, Suite 201, Dedham, MA 02026
Telephone 781.461.8300/Facsimile 781.461.8330

Exhibit 8



**Boston Inspectional Services Department**
**Building and Structures Division**

1010 Massachusetts Avenue  Boston, MA 02118  Telephone: (617) 635-5300

Thomas M. Menino
Mayor

# VIOLATION NOTICE

Gary P. Moccia
Inspector of Buildings

JAMES S. DICKEY, MANAGER AND
EAST FOURTH STREET, LLC
10 NEWRIDGE ROAD
SUDBURY, MA 01776

DATE FILED:     12/07/2011

INSPECTOR:     William Solberg

VIOLATION NUMBER:   **V113666**

Owner or in control of property located in the City of Boston at:

**495 E FOURTH ST   South Boston,  MA  02127**          WARD:  **07**

The Commissioner of the City of Boston Inspectional Services Department and the Inspector of Buildings of the City of Boston have adjudged certain property owned or controlled by you to be in violation of the Massachusetts State Building Code, pursuant to M.G.L. c. 143 s. 1 et seq., and 780 CMR 118.0 et seq. (8th Ed.), as amended. Notice of said violation and order to abate same through the remedy and within the time prescribed below is hereby provided pursuant to 780 CMR 118.2.

| 780 CMR: | Description | Violation Remedy |
|---|---|---|
| 101.4.4 | Maintenance | To remedy this condition: |
| failure to maintain emergency escape for 493 East Fourth Street (Unit #3). | | apply and secure a permit to install emergency lighting and a fire alarm system forthwith and then call for the necessary inspections. Egress required from 493 East Fourth Street. |

Failure to correct this Violation within **24 Hours** of service of this Notice will result in criminal prosecution and/or civil penalties and fines.

Inspector

William Solberg

For the Commissioner

Gary P. Moccia

12/7/11

Date Issued

Boston _____12 - 8_____ 20 11

*1535 Am*

Officer's Return, Suffolk, ss.

By virtue of this Writ, I this day served the before described person or entity by:
(CIRCLE NUMBER THAT INDICATES METHOD OF SERVICE)

1. Personally, by any person authorized to serve process;
2. By leaving a copy of the order at his last and usual place of abode; *with his sister, Rosemary Dickey*
3. By registered or certified mail, return receipt requested; or
4. The premises are unoccupied and the residence of the owner agent is unknown or is without the Commonwealth, therefore, I posted the order on a conspicuous place on the premises; and published a copy of this notice in a newspaper of general circulation where the building is located for at least three out of five consecutive days.

A true copy.
Attest:

If served on authorized agent, state individual's name;
If served at last and usual place of abode, indicate street address including unit number when applicable:

_____10 Newridge Rd, Sudbury, MA 01776, the Dickey Residence_____
_____James Dickey was not home._____

(Please State Title)

_____Fran Davis_____

FRANCIS R. DAVIS
CONSTABLE, CITY OF BOSTON

# NOTICE

If this notice is not complied with in the time period specified the building official may institute appropriate proceeding to restrain, correct, or abate the violation or to require the removal or termination of the unlawful occupancy.   You are also advised that in the appropriate circumstances the building official may take action to make a building safe or to raze the building.  The cost of any such work incurred by the building official will be billed to the owner or person in control and will become a lien on the property.  (780 CMR 118.3, 121.5)

Whoever violates any provision of the State Building Code shall be punishable by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment of not more than one (1) year or both for each such violation. Each day during which a violation exists shall constitute a separate offense.  (780 CMR 118.4)

The imposition of the penalties described above shall not preclude the building official from instituting an appropriate civil action to restrain, correct, or abate a violation of the State Building Code. (780 CMR 118.5)

You may have a right, as provided for in 780 CMR 122, to appeal this Order to either the local building code appeals board or the State Building Code Appeals Board.







**Exhibit 9**



**Boston Inspectional Services Department**
**Building and Structures Division**

1010 Massachusetts Avenue  Boston, MA 02118  Telephone: (617) 635-5300

Thomas M. Menino
Mayor

# VIOLATION NOTICE

Gary P. Moccia
Inspector of Buildings

JAMES S. DICKEY, MANAGER AND
EAST FOURTH STREET, LLC
10 NEWRIDGE ROAD
SUDBURY, MA 01776

DATE FILED:   12/07/2011

INSPECTOR:   William Solberg

VIOLATION NUMBER:   **V113667**

Owner or in control of property located in the City of Boston at:

**495 E FOURTH ST   South Boston, MA  02127**          WARD:   **07**

The Commissioner of the City of Boston Inspectional Services Department and the Inspector of Buildings of the City of Boston have adjudged certain property owned or controlled by you to be in violation of the Massachusetts State Building Code, pursuant to M.G.L. c. 143 s. 1 et seq., and 780 CMR 118.0 et seq. (8th Ed.), as amended. Notice of said violation and order to abate same through the remedy and within the time prescribed below is hereby provided pursuant to 780 CMR 118.2.

| 780 CMR: | Description | Violation Remedy |
|---|---|---|
| 116.1 | Unsafe Structure | To remedy the condition: |
| | front soffit has deteriorated and is in danger of falling on the front sidewalk. In addition the rear soffit is open to the elements. | apply and secure a permit to repair front and rear soffits and then call for an inspection. |

Failure to correct this Violation within **24 Hours** of service of this Notice will result in criminal prosecution and/or civil penalties and fines.

Inspector

William Solberg

For the Commissioner

Gary P. Moccia

12/7/11

Date Issued

Boston _____ *12 - 8* _____ 20 *11*

*1035 am*

Officer's Return, Suffolk, ss.

By virtue of this Writ, I this day served the before described person or entity by:
(CIRCLE NUMBER THAT INDICATES METHOD OF SERVICE)

1. Personally, by any person authorized to serve process;
2. By leaving a copy of the order at his last and usual place of abode; *with his sister, Roseanne Dickey*
3. By registered or certified mail, return receipt requested; or
4. The premises are unoccupied and the residence of the owner agent is unknown or is without the Commonwealth, therefore, I posted the order on a conspicuous place on the premises; and published a copy of this notice in a newspaper of general circulation where the building is located for at least three out of five consecutive days.

A true copy.
Attest:

If served on authorized agent, state individual's name;
If served at last and usual place of abode, indicate street address including unit number when applicable:

*10 Newridge Rd, Sudbury, Ma 01776, the Dickey Residence*
*James Dickey was not home.*

(Please State Title)

_____
FRANCIS A. DAVIS
CONSTABLE, CITY OF BOSTON

# NOTICE

If this notice is not complied with in the time period specified the building official may institute appropriate proceeding to restrain, correct, or abate the violation or to require the removal or termination of the unlawful occupancy.   You are also advised that in the appropriate circumstances the building official may take action to make a building safe or to raze the building.  The cost of any such work incurred by the building official will be billed to the owner or person in control and will become a lien on the property.  (780 CMR 118.3, 121.5)

Whoever violates any provision of the State Building Code shall be punishable by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment of not more than one (1) year or both for each such violation. Each day during which a violation exists shall constitute a separate offense.  (780 CMR 118.4)

The imposition of the penalties described above shall not preclude the building official from instituting an appropriate civil action to restrain, correct, or abate a violation of the State Building Code. (780 CMR 118.5)

You may have a right, as provided for in 780 CMR 122, to appeal this Order to either the local building code appeals board or the State Building Code Appeals Board.

**Exhibit 10**

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

HOUSING COURT DEPARTMENT
CITY OF BOSTON DIVISION
CASE NO: 12-CV-000____

| | |
|---|---|
| CITY OF BOSTON, INSPECTIONAL SERVICES DEPARTMENT,<br>Plaintiff,<br><br>v.<br><br>JAMES S. DICKEY and EAST FOURTH STREET, LLC<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Affidavit of William Solberg

I, William Solberg, do depose and state:

1.    I am a Building Inspector with the Buildings and Structures Division of the City of Boston Inspectional Services Department and have been employed by this department since *2008*

2.    In my capacity as Building Inspector, I have personally inspected the properties located at 495-497 East Fourth Street.  Further, I have read and reviewed the Verified Petition filed herein and have examined the exhibits attached thereto and can attest that the facts set forth in said Verified Petition are true and accurate and that the Exhibits attached thereto are true and correct copies of the originals.

Signed under the pains and penalties of perjury this *4th* day of May, 2012.

William Solberg
Building and Structures Division
Boston Inspectional Services Department