UNITD STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT,<br>    Plaintiff,<br><br>v.<br><br>JAMES S. DICKEY and<br>EAST FOURTH STREET, LLC<br>    Defendant. | CIVIL ACTION NO. |

## DEFENDANTS' VERIFIED EMERGENCY MOTION TO STAY THE RECEIVERSHIP

**NOW COMES** defendants James S. Dickey and East Fourth Street, LLC ("Defendants") hereby respectfully request that this Honorable Court stay the receivership over 495-497 East Fourth Street, South Boston, Massachusetts ("Property") until the Defendants have had a chance to respond to the Verified Petition, be heard at a hearing on the merits of appointing a receiver and the opportunity to show that the Defendants are capable of rehabilitating the Property on the grounds that

1. Defendants were not properly served with the Verified Petition in accordance with Mass. R. Civ. P. 4(d),
2. the failure to put Defendants on notice and the speed with which the receivership was entered effectively denied the Defendants their due process rights under the Constitutions of the United States of America and the Commonwealth of Massachusetts, and
3. the facts presented in the Verified Petition do not warrant the extraordinary measures of a receivership at this time as is clear from the receiver have not taken action himself since May 23, 2012.

Defendants hereby request that this motion be heard as soon as practicable as the receiver has indicated that he will be starting work at the Property on June 1, 2012 and the Court issued an overly broad order giving the receiver authority to "dispose of all abandoned personal property

found" at the Property resulting in a very distinct possibility that Defendants will suffer a permanent loss of personal property on June 1, 2012.

**AS FURTHER GROUNDS THEREFORE**, Defendants state as follows:

1. Under Massachusetts law, "[p]roperty rights are not absolute and the law 'may condition their use and enjoyment so that the interests of the public in general or of some smaller segment of the public . . . are not unduly prejudiced.'" *Gencarelli v. City of Worcester*, 22 Mass. L. Rep. 134 (2007)(*quoting Goulding v. Cook*, 422 Mass. 276, 277 (1996)). "Nevertheless, due process requires that in any proceeding by a government body to be accorded finality, 'notice must be given that is reasonably calculated to apprise the interested party of proceeding and to afford him an opportunity to present his case.'" *Gencarelli v. City of Worcester*, 22 Mass. L. Rep. 134 (2007)(*quoting LaPointe v. License Bd. of Worcester*, 389 Mass. 454, 458 (1983)). Specifically, under Massachusetts law, due process entitles the Defendants "to a full and impartial hearing which . . . would assure that substantial justice would be done. As one element of such a hearing, the [Defendants were] entitled to an opportunity to call witnesses and cross-examine the opposing witnesses, if any, in a reasonable fashion. *Konstantopoulos v. Whately*, 384 Mass. 123, 135 (Mass. 1981).

2. To ensure due process, Massachusetts Rules of Civil Procedure require that individuals be served either in hand or by leaving at their last and usual. Mass R. Civ. P. 4(d). In the instant case, Defendants were not served in hand. Rather, a third party – defendant James Dickey's sister who is handicapped and lives with defendant James Dickey at his home - was served the Verified Complaint in-hand. Accordingly, the Verified Complaint should be dismissed for insufficiency of process. In the alternative, the receivership should be stayed

pending Plaintiff effectuating good service on Defendant and Defendant having an opportunity to be heard at a hearing on the merits of the Verified Complaint.

3. Moreover, where the receivership statute does not provide for notice to be posted at the premises which is the subject of a petition for receivership, the receivership statute itself fails to ensure that property owners will receive due process and is, thus, unconstitutional. Generally, condemnation notices are posted at the properties what the government is seeking to condemn. The lack of service by not posting the premises violates 42 U.S.CC. § 1983 and the notice procedures employed by the Plaintiff violate the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950).

4. Even if service was sufficient, Plaintiff's actions in pursuing a receivership prior to Defendants actually being required to submit an answer, absent an emergency situation, is, likewise, a denial of due process. Plaintiff argues that the two issues on which the receivership was requested – a failure to provide emergency lighting and a fire alarm system in the Property for the benefit of an adjacent building and failure to repair front and rear soffits for which no evidence was submitted – simply do not constitute an emergency. This is particularly so where the Verified Complaint acknowledges that on September 29, 2010, prior to the violations issuing, Defendants secured a building permit and began minor repairs on the exterior of the Property.

5. Appointment of a receiver is required when there are ongoing sanitary code violations in an occupied building and it is in the best interest of the occupants residing the in the

property to correct the violations. *City of Boston v. Rochalska*, 72 Mass. App. Ct. 236, 244 (2008)(*citing* Mass. Gen. L. ch. 111 § 127I). However, when a building is unoccupied, the appointment of a receiver is discretionary. *Id.* Under Massachusetts law, "particular care must be exercised by a judge in order to ascertain that facts exist which justify, and in the judge's discretion require, the appointment of a temporary or permanent receiver." *City of Malden v. LaSalle Bank*, 2010 Mass. App. Div. 131, 134 (Mass. App. Div. 2010) (*quoting George Altman, Inc. v. Vogue Internationale, Inc.*, 366 Mass. 176, 179 (1974)). The Property has been vacated since 2007.

6.   Moreover, because of property owners' constitutional right with regards to property and due process, in practice, the Courts first give property owners time to correct violations prior to appointing a receiver. In *LaSalle Bank*, the petition for receiver based on fifty-seven sanitary code violations was filed in February or March of 2008 and a motion for appointment of receiver filed in June of 2008, but the Court waited until October of 2008 to appoint the receiver. 2010 Mass. App. Div. * 131-132. Similarly, in *Rochalska*, although the receiver was appointed within two months of the petition being filed, the Court granted a stay on the grounds that "it is in the interests of justice to afford the [property owner] an opportunity to show that she is capable of rehabilitating the premises." *City of Boston v. Rochalska*, 72 Mass. App. Ct. 236, 239 (2008).

7.   In the instant case, the Plaintiff did not even permit the Defendants, even if served appropriately, time to file their answer prior to seeking an appointment. The Verified Petition was filed on May 4, 2012 and the Order appointing a receiver was entered on May 23, 2012. Moreover, the Plaintiff, by its own admission in the Verified Petition, acknowledges that Defendants have been actively performing repairs to the Property by clearing trash and debris

from the interior and exterior of the Property and securing a building permit and commencing repairs to the exterior of the building. (Verified Petition at ¶¶ 8-9.)

8.     Furthermore, at least one of the alleged violations – 780 CMR § 116.1 – is improper as it deals with the means of egress of a building and does not create an obligation to provide a means of egress for a neighboring building. Specifically, section 116.1 provides that "[s]tructure or existing equipment that are or hereafter become unsafe, insanitary or deficient because of inadequate means of egress . . . shall be deemed an unsafe condition." *Id.*

9.     Frankly, a simple comparison of the photographs of the Property submitted by the Plaintiff with its Verified Complaint and those submitted by the Defendants in their pleadings show that Defendants had taken significant action to perform repairs at the Property. (See ***Defendants' Notice of Removal to the United States District Court***, Attachment 1 at Exhibit 5; ***Defendants' Notice of Removal to the United States District Court***, Attachment 5 at Exhibit 1.)

10.    Finally, although the receiver was appointed based on the Plaintiff's claims of imminent danger, the receiver, himself, appointed on May 23, 2012 has not yet started work and reports that he intends to start work on Monday, June 4, 2012. Moreover, the May 23, 2012 order is excessively broad in that it permits the receiver to "dispose of all abandoned personal property" despite the same not being required under the language of the code violation. Defendants have personal property inside the Property which is not "abandoned" and if the receiver moves forward, they will forever lose those possessions.

11.    Denial of this motion would irreparably harm the Defendants by unnecessarily decreasing the value of the Property and would not work an irreparable harm on the Plaintiff where, by its own admission in the Verified Petition, Defendants have been actively performing repairs to the Property.

- 6 -

12. Allowance of this motion would afford the Defendants an opportunity to show that they are capable of repairing the Property and is in the interests of justice, judicial economy and fair play.

**WHEREFORE**, defendants James S. Dickey and East Fourth Street, LLC respectfully pray that this Honorable Court stay the receivership over 495-497 East Fourth Street, South Boston, Massachusetts, permit the Defendants to answer the *Verified Petition for the Appointment of a Receiver to Enforce the State Sanitary Code*, permit the Defendants to be heard at a hearing on the merits of appointing a receiver and permit the Defendants the opportunity repair the Property themselves.

## VERIFICATION

I, James S. Dickey, do hereby dispose under the pains and penalties of perjury that I have read the foregoing complaint and attest and that I believe that, to the best of my knowledge, the complaint is true and accurate.

*James S Dickey*

James S. Dickey

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the Receiver and counsel for Plaintiff by first class mail and ~~facsimile~~ on ~~May 31~~, 2012. email on June 1, 2012

Dated: ~~May 31, 2012~~
June 1, 2012

Respectfully submitted,
Plaintiff JAMES S. DICKEY and EAST FOURTH STREET, LLC,

By their attorneys,

Harold Jacobi, III (BBO #248980)
Nancy Sue Keller (BBO #644515)
Jacobi & Chamberlain LLP
Four Militia Drive, Suite 14
Lexington, Massachusetts 02421
Tel: 781.274.0405
Email: NKeller@JacobiChamberlain.com